UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:15cr223-FDW |
| ) | |
| v. ) | **BILL OF INFORMATION** |
| ) | |
| ) | Violations: 26 U.S.C. § 5861(d) |
| (1) CHRISTOPHER TODD CAMPBELL ) | 26 U.S.C. § 5861 (f) |
| ) | 26 U.S.C. § 5871 |

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times material to this Bill of Information:

1. CHRISTOPHER TODD CAMPBELL ("CAMPBELL") defendant herein, believed the United States was in danger of a military coup and solicited others to prepare to attack military and law enforcement personnel in the event martial law was declared. CAMPBELL acquired firearms, explosives, destructive devices and other military equipment that he stated he would use against law enforcement personnel.

2. Under the National Firearms Act (NFA), firearms as defined and listed in Title 26, United States Code, Section 5845(a), must be registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in the National Firearms Registration and Transfer Record (NFRTR). The "maker" of a covered firearm is defined as a person who manufactures, puts together, alters or otherwise produces a firearm. The maker or subsequent transferor may thereafter transfer the weapon only pursuant to the NFA, which requires that the maker identify itself or himself, the firearm, and the transferee, and apply for and receive approval from ATF.

3. A firearm as defined in Title 26, United States Code, Section 5845(a) includes "(8) a destructive device." The term "destructive device" as defined in Title 26 United States Code, Sections 5845(a)(f) to mean, in pertinent part, (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, … or (F) similar device; … and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined [above] and from which a destructive device may be readily assembled."

4. Beginning in and around February 2015, and continuing through on or about August 1, 2015, CAMPBELL purchased and acquired a dummy grenade, smokeless gun powder, and an igniter from a military supply shop in Gaston County, North Carolina, with the

intent to convert these materials into a live grenade—i.e., a destructive device as defined in Title 26, United States Code, Section 5845(a)(8) and (f). CAMPBELL intended that the re-manufactured dummy grenade be used as a weapon. He did not keep the reconstituted dummy grenade as an antique or solely for sporting purposes.

5. The dummy grenades purchased by CAMPBELL included "pineapple grenades" that had been rendered inert by emptying the gun powder from the body of the device, drilling holes through the metal casing of the body and removing the igniter. Dummy grenades are not destructive devices because they have been redesigned and are not intended for use as a weapon

6. Pineapple grenades, also known as MkII grenades, are fragmentation type hand grenades with a M201A1 Fuze commonly used by the U.S. military in World War II and later conflicts. The threaded body of the grenade is made of cast iron with a grooved surface designed to fragment when exploded. The fuse assemblies on MkII grenades are screwed into threads on top of the body and include a small length of safety fuse terminated with a black powder igniter charge, but could also include a percussive cap such as that found in a shotgun shell. The fuses have a delay of four to five seconds before exploding. Low explosive MkII grenades commonly used as anti-personnel weapons were filled with smokeless gun powder because they produce adequate fragmentation to kill or injure and did not require a detonator.

7. CAMPBELL manufactured, put together, altered and otherwise produced a firearm, to wit: a combination of parts designed and intended to reconstruct a dummy grenade into a live grenade by plugging the hole(s) drilled in the body of the dummy grenade, replacing the missing igniter with a percussive cap he had removed from a shotgun shell and purchasing smokeless gun powder which he stored near the reconstructed dummy grenade so these parts could be readily assembled into a destructive device.

8. CAMPBELL kept the combination of parts with which to readily assemble his re-manufactured grenade with its improvised igniter on top of a safe in a small house he shared with his fiancé and two children. CAMPBELL also kept smokeless gun powder in a container in the safe below the re-manufactured grenade. Even when not fully charged with gun powder, the converted grenade could be readily assembled by simply unscrewing the fuse assembly, filling the body with gun powder and reattaching the fuse assembly. Such a destructive device could kill any person within 5 meters and injure anyone within 15 meters.

# COUNT ONE

          Violation:   26 U.S.C. §§ 5861(c) and 5871
                                 (Possession of an Unregistered Firearm)

9. Paragraphs 1 through 8 of the Introduction of this Bill of Information are re-alleged and incorporated herein.

10. Beginning no later than on or about February 1, 2015, and continuing until on or about August 1, 2015, in Gaston County, within the Western District of North Carolina, and elsewhere,

### (1) CHRISTOPHER TODD CAMPBELL

defendant herein, aided and abetted by others known to the United States Attorney, knowingly possessed a firearm as defined in the NFA, to wit: a combination of parts designed and intended for use in readily converting a dummy grenade into a destructive device, which grenade was not registered to him in the NFRTR.

All in violation of Title 26, United States Code, Sections 5845(a)(8) and (f), 5861(c) and 5871.

# COUNT TWO

          Violation:   26 U.S.C. §§ 5861(f) and 5871
                                 (Making a Firearm in Violation of the NFA)

11. Paragraphs 1 through 8 of the Introduction of this Bill of Information are re-alleged and incorporated herein.

12. Beginning no later than on or about February 1, 2015, and continuing until on or about August 1, 2015, in Gaston County, within the Western District of North Carolina, and elsewhere,

### (1) CHRISTOPHER TODD CAMPBELL

defendant herein, aided and abetted by others known to the United States Attorney, knowingly made a firearm, to wit: a grenade in violation of the NFA.

All in violation of Title 26, United States Code, Sections 5822, 5845(a)(8) and (f), 5861(f) and 5871.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

13. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 924 and/or Section 2461(c): all firearms or ammunition involved or used in the violations set forth in this bill of indictment.

14. The United States Attorney finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

    a. Tannerite exploding targets, four (4) 1 lb targets, catalyst, mixing container, Aliant powder.
    b. Four (4) smoke grenades
    c. Container of rifle powder (1LB)
    d. Two (2) inert grenades
    e. Misc pieces of detonated grenade (complete grenade found on top of safe)
    f. Four (4) plastic pipes
    g. Bottle of Glycerin
    h. A 100-round magazine loaded with .223 ammunition
    i. A .40 cal magazine loaded
    j. Two (2) magazines MFR,30745 with ammunition
    k. Five (5) Buck Shot rounds
    l. Four (4) magazines loaded with .223 cal ammunition
    m. Lead pellets
    n. Misc Ammunition found in gun safe.

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

*[signature]*

MICHAEL E. SAVAGE
ASSISTANT UNITED STATES ATTORNEY

4