UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) DOCKET NO.: 3:15-CR-223 |
|---|---|
| v. | ) |
| (1) CHRISTOPHER TODD CAMPBELL | ) **FACTUAL BASIS** |

   NOW COMES the United States of America, by and through Jill Westmoreland Rose, Acting United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

   By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below. This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

1. Under the National Firearms Act (NFA), firearms as defined and listed in Title 26, United States Code, Section 5845(a), must be registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in the National Firearms Registration and Transfer Record (NFRTR). The "maker" of a covered firearm is defined as a person who manufactures, puts together, alters or otherwise produces a firearm. The maker or subsequent transferor may thereafter transfer the weapon only pursuant to the NFA, which requires that the maker identify itself or himself, the firearm, and the transferee, and apply for and receive approval from ATF.

2. A firearm as defined in Title 26, United States Code, Section 5845(a) includes "(8) a destructive device." The term "destructive device" as defined in Title 26 United States Code, Sections 5845(a)(f) to mean, in pertinent part, (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, ... or (F) similar device; ... and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined [above] and from which a destructive device may be readily assembled."

3. Beginning in and around February 2015, and continuing through on or about August 1, 2015, CHRISTOPHER TODD CAMPBELL ("CAMPBELL") purchased and acquired a dummy grenade, smokeless gun powder, and an igniter from a military supply shop in Gaston County,

North Carolina, with the intent to convert these materials into a live grenade—i.e., a destructive device as defined in Title 26, United States Code, Section 5845(a)(8) and (f). CAMPBELL intended that the reconstituted dummy grenade be used as a weapon. He did not keep the reconstituted dummy grenade as an antique or solely for sporting purposes.

4. The dummy grenades purchased by CAMPBELL included "pineapple grenades" that had been rendered inert by emptying the gun powder from the body of the device, drilling holes through the metal casing of the body and removing the igniter. Dummy grenades are not destructive devices because they have been redesigned and are not intended for use as a weapon

5. Pineapple grenades, also known as MkII grenades, are fragmentation type hand grenades with a M201A1 Fuze commonly used by the U.S. military in World War II and later conflicts. The threaded body of the grenade is made of cast iron with a grooved surface designed to fragment when exploded. The fuse assemblies on MkII grenades are screwed into threads on top of the body and include a small length of safety fuse terminated with a black powder igniter charge, but could also include a percussive cap such as that found in a shotgun shell. The fuses have a delay of four to five seconds before exploding. Low explosive MkII grenades commonly used as anti-personnel weapons were filled with smokeless gun powder because they produce adequate fragmentation to kill or injure and did not require a detonator.

6. Beginning no later than on or about February 1, 2015, and continuing until on or about August 1, 2015, in Gaston County, within the Western District of North Carolina, and elsewhere, CAMPBELL manufactured, put together, altered and otherwise produced a firearm, to wit: a combination of parts designed and intended to reconstruct a dummy grenade into a live grenade by plugging the hole(s) drilled in the body of the dummy grenade, replacing the missing igniter with a percussive cap he had removed from a shotgun shell and purchasing smokeless gun powder which he stored near the reconstructed dummy grenade so these parts could be readily assembled into a destructive device.

7. CAMPBELL kept the combination of parts with which to readily assemble the re-manufactured grenade with its improvised igniter on top of a safe in a small house he shared with his fiancé and two children. CAMPBELL also kept smokeless gun powder in a container in the safe below the re-manufactured grenade. Even when not fully charged with gun powder, the converted grenade could be readily assembled by simply unscrewing the fuse assembly, filling the body with gun powder and reattaching the fuse assembly. Such a destructive device could kill any person within 5 meters and injure anyone within 15 meters.

8. At all times material to the offenses alleged in the Bill of Information:
    a. CAMPBELL knowingly possessed a firearm as defined in the NFA, to wit: a combination of parts designed and intended for use in readily converting a dummy grenade into a live grenade;

b. CAMPBELL knew of the characteristics of components intended for use in readily assembling the re-manufactured grenade, that is, that is it was an explosive device and not a novelty or sporting item;

c. CAMPELL intended that the re-manufactured grenade when assembled would be used as a weapon;

d. The re-manufactured grenade could readily have been put in operating condition by simply filling it with the smokeless gun powder he kept for that purpose;

e. The re-manufactured grenade was not registered to CAMPBELL in the NFRTR;

f. CAMPBELL did not fulfill the requirements of 18 U.S.C. § 5822 necessary to legally to make a firearm—i.e, (i) he did not file a written application to make a firearm with the Secretary of the Treasury; (ii) had not paid the applicable tax or received a tax stamp; nor (iii) identified himself in an application as the person making the firearm.

JILL WESTMORELAND ROSE
ACTING UNITED STATES ATTORNEY

_____
MICHAEL E. SAVAGE
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis and understands that it may be used for the purposes stated above.

_____    DATED: 9-15-15
Joseph L. Ledford, Attorney for Defendant

### Authority, Signature, and Acknowledgment of the Defendant

I, Christopher Todd Campbell, hereby acknowledges and states that I have read this Factual Basis, the Bill of Information and Plea Agreement and have discussed them with my attorney, Joseph L. Ledford. The facts outlined herein accurately describe the events and circumstances surrounding my offense(s). I fully understand the contents of this Factual Basis, and enter into it without reservation. I

3

further understand that this Factual Basis may not contain all of the facts pertinent to my case and that additional facts may be included in my pre-sentence report or sentencing hearing.

Christopher Todd Campbell
Defendant

DATED: 9-14-15